# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 06-11359
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

RAFAEL VELA-RAMIREZ,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3: 06-CR-128-ALL

Before SMITH, BARKSDALE and ELROD, Circuit Judges.

PER CURIAM:[*]

Rafael Vela-Ramirez appeals his conviction and the 57-month term of imprisonment imposed following his guilty plea to attempting to reenter the United States illegally following deportation.  Vela-Ramirez principally argues that the district court erred in determining that his prior Texas drug convictions qualified as "drug trafficking offenses" warranting an offense level enhancement under  U.S.S.G. § 2L1.2(b)(1)(A)(i).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vela-Ramirez did not make this specific argument in the district court. Accordingly, we review for plain error only. See United States v. Fernandez-Cusco, 447 F.3d 382, 384 (5th Cir.), cert. denied, 127 S. Ct. 194 (2006); United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005)

The record demonstrates that Vela-Ramirez twice was convicted of possession with intent to deliver a controlled substance in violation of TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). This court recently concluded that this conviction is indistinguishable from the offense of possession with intent to distribute and therefore constitutes a "controlled substance offense" under U.S.S.G. § 2K2.1(a). United States v. Ford, 509 F.3d 714, 717 & n.2 (5th Cir. 2007), petition for cert. filed (Apr. 16, 2008) (No. 07-10458) . This court further stated that the definitions of "drug trafficking offense" under § 2L1.2 and "controlled substance offense" under § 2K2.1 are effectively identical for purposes of determining if a prior § 481.112(a) conviction for possession with intent to deliver justifies a sentencing enhancement based on either section. Id. at 717 n.2. Thus, in light of Ford, Vela-Ramirez's prior convictions for possession with intent to deliver constitute "drug trafficking offenses," and the district court's application of § 2L1.2 was appropriate.

Vela-Ramirez additionally contends that the district court imposed an unreasonable sentence because it refused to consider the sentencing disparity between his case and those of defendants in districts that offer "early disposition" programs. This court has rejected a nearly identical argument and held that "the refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable." United States v. Aguirre-Villa, 460 F.3d 681, 683 (5th Cir. 2006), cert. denied, 127 S. Ct. 3053 (2007). Thus, as acknowledged by Vela-Ramirez, this argument is foreclosed.

Furthermore, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Vela-Ramirez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment

of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

For the foregoing reasons, the judgment of the district court is AFFIRMED.