United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-40289

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN FERNANDEZ—CUSCO,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Having pleaded guilty to illegal re-entry, in violation of 8 U.S.C. § 1326(a) & (b), Juan Fernandez-Cusco contests: (1) the constitutionality of 8 U.S.C. § 1326(b)(1) & (2) (prohibiting aliens convicted of certain criminal behavior from reentering the United States); (2) his previous state-felony conviction for third-degree criminal sexual conduct being classified as the requisite "crime of violence" for imposing a 16-level sentencing enhancement under Sentencing Guideline § 2L1.2(b)(1)(A)(ii); and (3) being required to cooperate in the collection of his DNA as a condition of supervised relief. **AFFIRMED IN PART and DISMISSED IN PART.**

I.

Fernandez-Cusco, a citizen of Ecuador, pleaded guilty in 1995 in Minnesota to criminal sexual conduct in the third degree, a felony. In July 2004, he was deported and notified he could not return to the United States without permission. That October, federal agents found him in Texas, after he reentered the United States illegally. That November, he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a) & (b).

The 2004 version of the now-advisory Sentencing Guidelines was in effect when Fernandez-Cusco was sentenced in February 2005 for his illegal-reentry conviction. His base offense level of 8 was increased by 16 levels, pursuant to Sentencing Guideline § 2L1.2(b)(1)(A)(ii), the district court adopting the recommendation in the Presentence Investigation Report (PSR) that Fernandez-Cusco's previous Minnesota sexual-conduct crime was a "crime of violence". After a three-level acceptance-of-responsibility reduction, his total offense level was 21, with an advisory guideline range of 46 to 57 months. Fernandez-Cusco was sentenced to 46 months in prison, followed by a two-year supervised release.

II.

As described, Fernandez-Cusco raises three issues. The principle issue concerns the crime-of-violence ruling. He concedes the other two issues are foreclosed by our precedent.

A.

2

Concerning his conviction and sentence, Fernandez-Cusco contends the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. This issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Fernandez-Cusco maintains *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), our court has repeatedly rejected this contention on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Fernandez-Cusco concedes this claim is foreclosed; he raises it only to preserve it for further review.

## B.

Fernandez-Cusco was sentenced a few weeks after the Sentencing Guidelines were held in January 2005 to be only advisory. *United States v. Booker*, 543 U.S. 220 (2005). Nevertheless, post-*Booker*, district courts must still consider, and properly apply, the Guidelines. *E.g.*, *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005); *United States v. Mares*, 402 F.3d 511, 518 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005).

Fernandez-Cusco claims his prior guilty-plea conviction for criminal sexual conduct is *not* a crime of violence under the 2004 Guideline § 2L1.2(b)(1)(A)(ii). He did *not*, however, object in district court to this enhancement.

3

1.

Before engaging in the resulting plain-error review, we note that, although the Government does not claim Fernandez-Cusco waived this contention, review of the PSR and Fernandez-Cusco's objections to it suggests he may have done so. He objected to his PSR by requesting "a downward departure for criminal history over-representation". Specifically, he "concede[d] the serious nature of [the prior Minnesota sex] offense, [but claimed] such seriousness is already considered by the 16-level enhancement". In short, he indicated the enhancement was proper.

Of course, a defendant does not waive plain-error review simply by "fail[ing] to object to the characterization of his prior offense as a crime of violence". *United States v. Alfaro*, 408 F.3d 204, 207 n.1 (5th Cir.) (internal quotation omitted), *cert. denied*, 126 S. Ct. 271 (2005). Fernandez-Cusco, however, did more than fail to object to the crime-of-violence enhancement; he affirmatively recognized it was being applied and indicated it was proper. That acknowledgment arguably constitutes invited error. Nevertheless, out of an abundance of caution, we will review for plain error.

2.

Under plain-error review, Fernandez-Cusco must show a "clear" or "obvious" error affected his substantial rights. *E.g.*, **United States v. Castillo**, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004). Even then, we retain discretion to correct plain error. Generally, we will do so only if "it affects the fairness, integrity, or public reputation of judicial proceedings". **Id**. For the following reasons, there was no plain error.

A person convicted of illegal reentry or of being found unlawfully present in the United States, after deportation, is subject to a 16-level enhancement if, prior to deportation, he had a felony conviction for a "crime of violence". U.S.S.G. § 2L1.2(b)(1)(A)(ii). A crime of violence is "murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, statutory rape, sexual abuse of a minor ... or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person". **Id**. § 2L1.2 cmt. n.1(B)(iii)(2004) (emphasis added).

The Government contends Fernandez-Cusco's guilty-plea conviction in Minnesota constitutes a *forcible sex offense*, one of the enumerated crimes for the Guideline section at issue. Because "the enhancement provision does not specifically define [forcible sex offense], we must define it according to its 'generic contemporary meaning'" to determine whether the Minnesota offense constitutes a forcible sex offense. **United States v. Dominguez-**

5

*Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)), *cert. denied*, 543 U.S. 1131 (2005); *see also* **United States v. Izaguirre-Flores**, 405 F.3d 270, 275 (5th Cir.) (considering "sexual abuse of a minor as ... understood in its ordinary, contemporary, [and] common meaning" (internal quotation marks omitted)), *cert. denied*, 126 S. Ct. 253 (2005). In 2004, interpreting a previous Guidelines version for the crime-of-violence section at issue (that, unlike the 2004 version used in this case, did *not* include statutory rape as an enumerated offense), our court held the term *forcible sex offense* "denotes a species of force that either approximates the concept of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue" for statutory rape. **United States v. Sarmiento-Funes**, 374 F.3d 336, 344 (5th Cir. 2004).

In the light of this generic, contemporary meaning, whether the prior offense was a *forcible sex offense* is determined by examining the Minnesota statute under which Fernandez-Cusco was convicted, not by evaluating his specific conduct in committing the offense. *See* **Izaguirre-Flores**, 405 F.3d at 275. If that statute allows for convictions in circumstances that do not constitute *forcible sex offenses*, the crime of violence enhancement would be improper, regardless of his conduct in committing the offense. *See* **Alfaro**, 408 F.3d at 209 (vacating sentence where underlying statute

6

did not qualify as crime of violence and stating "this court has consistently held that[,] when a district court errs in concluding that a defendant was convicted of a crime of violence, the error is plain" (internal quotation marks omitted)); *see also* **Sarmiento-Funes**, 374 F.3d at 345 (refusing to uphold crime-of-violence enhancement when not *all* of the conduct criminalized by the underlying statute could be considered forcible sex offenses).

For this determination, the subdivision of the criminal sexual conduct statute under which Fernandez-Cusco was convicted may be considered. If he was convicted under a specific subdivision, the crime-of-violence enhancement would be valid if that subdivision can be violated only in a manner that constitutes a *forcible sex offense*, regardless of whether the entire statute requires such force. *See* **Izaguirre-Flores**, 405 F.3d at 273 n.6 (stating that, because defendant was convicted under one subsection of applicable statute, the court did not need to consider whether conviction under another subsection would constitute sexual abuse of a minor, an enumerated crime of violence).

Third-degree criminal sexual conduct in Minnesota can be committed in ways that do *not* qualify as forcible sex offenses. For example, under subdivision 1(h), a person is guilty of such conduct if: (1) he or she is a psychotherapist; (2) the victim is a patient; and (3) the offense occurred during a therapy session or at any time a therapist-patient relationship existed. MINN. STAT.

7

§ 609.344, subd. 1(h) (1995). Again, the enhancement is valid only if the specific subdivision of the statute under which Fernandez-Cusco was convicted criminalizes only conduct constituting forcible sex offenses.

To determine the subsection under which Fernandez-Cusco was convicted, we may look "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information". *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 1263 (2005); *see also* *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 357 (5th Cir.), *cert. denied*, 126 S. Ct. 217 (2005). None of these documents, however, were introduced in district court.

The Government claims: the probation officer who prepared the PSR had this material in his files; and it would have been included in the record had Fernandez-Cusco objected to the enhancement. Accordingly, simultaneously with filing its brief, the Government filed an *unopposed* motion to supplement the record on appeal with the following documents pertaining to Fernandez-Cusco's Minnesota conviction: (1) complaint; (2) petition to enter plea of guilty; (3) judgment; (4) stay of imposition of sentence and probation order; and (5) report of adult corrections department and order of the court for defendant's arrest, detention, and hearing.

8

Although generally we will not expand the record on appeal, we may do so. *Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984); *see also United States v. Palomares-Candela*, 104 F. App'x 957, 959 n.1 (5th Cir. 2004) (granting defendant's request to supplement record with charging documents and judgment in sentencing-enhancement challenge). In not opposing the motion, Fernandez-Cusco stated he did *not* concede the documents could be considered in, or were relevant to, the crime-of-violence determination.

The motion was granted shortly after the Government's brief was filed. In the light of this enhancement issue's being raised for the first time on appeal, and especially in the light of this issue's arguably being invited error, the supplementation is proper. *See EEOC v. Int'l Longshoremen's Ass'n*, 511 F.2d 273, 276 n.5 (5th Cir. 1975) (stating merits panel has authority to overrule motions decisions).

The Government contends this supplemental material demonstrates Fernandez-Cusco was convicted of violating subdivision 1(c) of Minnesota Statute § 609.344, which provides a person is guilty of criminal sexual conduct if he or she "uses *force* or *coercion* to accomplish the penetration". MINN. STAT. § 609.344, subd. 1(c) (1995) (emphasis added). To affirm the crime-of-violence enhancement, we must ensure the statute under which Fernandez-Cusco was convicted can be violated *only* in a

manner constituting a forcible sex offense. Therefore, we must determine whether committing third-degree criminal sexual conduct by *coercion* necessarily constitutes a forcible sex offense. (Obviously, the *use of force* under the statute qualifies as a forcible sex offense.) Minnesota law defines coercion as

> words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm upon, or hold in confinement, the complainant or another, or force the complainant to submit to sexual penetration or contact, but proof of coercion does not require proof of a specific act or threat.

*Id.* § 609.341, subd. 14 (1995).

Fernandez-Cusco's reply brief maintains the supplemental material does not allow this court to narrow his conviction to one under subdivision 1(c) because, although he was charged with violating 1(c), his guilty plea stated only that he pleaded guilty to third-degree criminal sexual conduct. In other words, the plea did not specify that he pleaded guilty to violating 1(c) as charged.

The charging document for Fernandez-Cusco's 1995 Minnesota conviction alleges he violated subdivision 1(c), by "engag[ing] in sexual penetration ... using force or coercion to accomplish the penetration". As Fernandez-Cusco notes, his guilty-plea stated only that he violated § 609.344, subd. 1; but, for purposes of our plain-error review, nothing in the record suggests he was not pleading guilty, as charged, to violating subdivision 1(c). As

10

discussed *supra*, other parts of §609.344, subd. 1 (1995), including 1(h) (sexual penetration between psychotherapist and patient), can be violated in ways not constituting forcible sex offenses. Subdivision 1(c), however, is the only one of the 12 subdivisions that alone concerns "force or coercion to accomplish the penetration". The balance concern age or status or disability. Subdivision 1(g) is the only other subdivision that has "force or coercion to accomplish the penetration" (subdivision (g)(i)); it is applicable, however, only if

> the actor has a significant relationship to the complainant, the complainant was at least 16 but under 18 years of age at the time of the sexual penetration, and: (i) the actor or an accomplice used force or coercion to accomplish the penetration; (ii) the complainant suffered personal injury; or (iii) the sexual abuse involved multiple acts committed over an extended period of time.

MINN. STAT. § 609.344, subd. 1(g) (1995).

As noted, because subdivision 1(c) allows for a conviction when the defendant uses either force *or coercion*, we must determine whether violating that statute through the use of *coercion* necessarily constitutes a *forcible sex offense*. Fernandez-Cusco relies on **Sarmiento** for the proposition that a *forcible sex offense* requires physical force, *not mere coercion*. The Government, on the other hand, claims **Sarmiento** need not control because it involved an older version of the Guidelines and because its holding was based on a concern about improperly characterizing certain crimes

11

like statutory rape as *forcible sex offenses*. (As noted, that Guideline version did not include statutory rape in the enumerated crimes of violence.) Instead, the Government urges reliance on ***United States v. Remoi***, 404 F.3d 789 (3d Cir.), *cert. denied*, 126 S. Ct. 467 (2005), where the Third Circuit declined to follow ***Sarmiento***, instead taking a broad approach that allows for crime-of-violence enhancements for *forcible sex offenses* even in the absence of physical force.

We need not decide whether the applied 2004 Guidelines edition moots ***Sarmiento***'s crime-of-violence interpretation. The crime-of-violence issue was preserved in ***Sarmiento***; therefore, unlike here, our court was *not* reviewing only for plain error. In any event, the concern in ***Sarmiento***, that a crime-of-violence sentencing enhancement could be given in cases where the victims gave willful, but legally invalid, consent, is *not* present in this instance. Pursuant to the above-quoted definition of "coercion" under Minnesota law, the applicable subpart of the statute requires the use of physical force or a threat that the defendant will harm the victim, or hold the victim in confinement, or force the victim to submit to sexual penetration or contact. In the light of this record, including as supplemented on appeal, the crime-of-violence enhancement constitutes neither "clear" nor "obvious" error.

C.

12

Finally, for the first time on appeal, Fernandez-Cusco challenges the following condition of his supervised release: "cooperat[ing] in the collection of DNA as directed by the probation officer".  He contends the district court erred by subjecting him to such collection under 42 U.S.C. § 14135a because the version of that statute in effect when he illegally reentered the United States did not authorize DNA collection for such conduct.

Therefore, Fernandez-Cusco claims collecting his DNA pursuant to § 14135a violates the Constitution's *ex post facto* prohibition. U.S. CONST. art. I, § 9. cl. 3.  In addition, he claims that, even if the DNA collection is not considered punishment for *ex post facto* purposes, it still runs afoul of "general principles of nonretroactivity of substantive legislative enactments".

As Fernandez-Cusco acknowledges in his reply brief, pursuant to **United States v. Riascos–Cuenu**, 428 F.3d 1100 (5th Cir. 2005), *petition for cert. filed*, (U.S. 9 Jan. 2006) (No. 05-8662), this claim is *not* ripe for review.  Restated, we lack jurisdiction to review it and, therefore, dismiss it.

### III.

For the foregoing reasons, we **AFFIRM IN PART and DISMISS IN PART**.

13