United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40919
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILMER OMAR VALLE, also known as Melbin Danilo Landaverde,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-106-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wilmer Omar Valle appeals from a guilty-plea conviction for illegal reentry. For the first time on appeal, Valle argues that the district court erred in assigning a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior California conviction for assault with a deadly weapon. Although Valle arguably waived the issue, out of an abundance of caution we review for plain error. See United States v. Fernandez-Cusco,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

447 F.3d 382, 384 (5th Cir.), cert. denied, 127 S. Ct. 194 (2006).

In United States v. Sanchez-Ruedas, 452 F.3d 409, 412-14, (5th Cir.), cert denied, 127 S. Ct. 315 (2006), we examined the identical California statute at issue in Valle's case and held that the California statute was sufficiently similar to the generic contemporary definition of aggravated assault to qualify as an enumerated offense of a crime of violence. The district court thus did not plainly err in assigning a 16-level increase for Valle's prior conviction for assault with a deadly weapon. See id.

Valle challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Valle's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Valle contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Valle properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit

precedent, but he raises it here to preserve it for further review.

AFFIRMED.