**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-10959
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANNEMARIE GUILLORY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-169-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Annemarie Guillory appeals the district court's revocation of her term of supervised release and the imposition of a 24-month term of imprisonment. More particularly, she argues that the district court erred by adding as a condition of supervised release that she abstain from using alcohol and by revoking her supervised release based on her violation of that condition.

Because Guillory agreed to the inclusion of this condition, the Government argues that any error is unreviewable "invited error." However, even if the error

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was invited, we review for plain error "out of an abundance of caution." *United States v. Fernandez-Cusco,* 447 F.3d 382, 384 (5th Cir. 2006).

Guillory argues that the district court plainly erred because the condition was not reasonably related to her underlying offense of access device fraud. The imposition of a condition of supervised release must be "reasonably related" to the nature and circumstances of the offense and the history and characteristics of the defendant, the deterrence of criminal conduct, the protection of the public from any further crimes of the defendant, and the defendant's correctional needs. *See* 18 U.S.C. § 3583(d)(1); 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

In the instant case, given Guillory's acknowledged problems with alcohol and her arrest record for alcohol related offenses, including driving while intoxicated, the imposition of the condition that she abstain from alcohol use was not plain error. Although this prohibition was not necessarily related to her underlying offense, it was clearly related to her history and characteristics, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes. *See United States v. Ferguson,* 369 F.3d 847, 853 (5th Cir. 2004). Moreover, because Guillory conceded that she drank alcohol on at least one occasion, the district court did not err in revoking supervised release on that basis. *See* § 3583(e)(3).

AFFIRMED.