IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-11047
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JORGE ADRIAN ROMO,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CR-36-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Adrian Romo appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that the district court plainly erred in enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I) based upon his prior state conviction for violating California Health and Safety Code § 11379.6(a). Specifically, Romo argues that § 11379.6(a) does not constitute a "drug trafficking offense" under § 2L1.2(b)(1)(A)(I) because California case law and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pattern jury instructions establish that the statute punishes not only the manufacturing of methamphetamine but also acts done in the preparation of making methamphetamine and does not require the possession of a controlled substance.

As Romo concedes, because he did not object to the § 2L1.2 enhancement in the district court, our review of this question is for plain error. *See United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Under the plain error standard, Romo must establish (1) error, (2) that is clear or obvious, and (3) that affects substantial rights. *See United States v. Garza-Lopez,* 410 F.3d 268, 272 (5th Cir. 2005). If these conditions are met, we "may exercise [our] discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We need not decide whether California Health and Safety Code § 11379.6(a) constitutes a "drug trafficking offense" under § 2L1.2(b)(1)(A). When considering whether an offense constitutes a "drug trafficking offense," a district court "may consider the statutory definition of the predicate offense, the charging paper, and the jury instructions." *Garza-Lopez*, 410 F.3d at 273. The "felony complaint" for Romo's state conviction, which was included in the record on appeal,[1] charged that, inter alia, the crime of "manufacturing methamphetamine" in violation of § 11379.6(a) was committed by Romo "who did unlawfully manufacture, compound, convert, produce, derive, process *and* prepare [m]ethamphetamine." Romo pleaded guilty to that charge, and the abstract of the judgment demonstrates that he was convicted of that charge. Pursuant to California law, Romo's plea of guilty to the conjunctively-listed offenses included a plea of guilty to the offense of manufacturing

---

[1] The clerk of this court granted Romo's unopposed motion to supplement the record on appeal with documents relating to his prior state conviction.

methamphetamine. *See People v. Mendias*, 21 Cal. Rptr. 2d 159, 163-64 (Cal. Ct. App. 1993). Accordingly, there was no clear or obvious error by the district court in considering his guilty-plea conviction as conduct constituting a drug trafficking offense under § 2L1.2(b)(1)(A)(I).

In light of the record, as supplemented on appeal, Romo has failed to show that any error in enhancing his offense level under § 2L2.1 is clear or obvious. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 388 (5th Cir. 2006). The district court's judgment is AFFIRMED.