IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

Lyle W. Cayce
Clerk

No. 10-10078

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TYRONE LUVOID HUTCHERSON

Defendant-Appellant

Appeal from the United States District Court for the
Northern District of Texas, Amarillo
2:08-CR-44-1

ON PETITIONS FOR REHEARING

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:*

IT IS ORDERED that the petitions for rehearing are DENIED. We appreciate that the government's Unopposed Motion to Supplement the Record on Appeal was filed with and granted by this court and not the district court as our November 29, 2010 opinion states. However, our reasoning in

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

our opinion did not rely on the notion that the district court had viewed these supplemental documents prior to sentencing. On further consideration, we conclude that it would not have been error for the district court to consider the "Kansas Sentencing Guidelines Journal Entry of Judgment" in designating Hutcherson as a career offender. Therefore, Hutcherson's contention that his sentence should be vacated still fails under plain error review. It would not have been error – plain or otherwise – for the district court to consider these documents if they had been submitted to it prior to sentencing. We further conclude that there is not a reasonable probability that the district court would fail to apply the career offender enhancement were we to remand for resentencing. Hutcherson cannot show that the district court's error in relying only on the Pre-Sentence Report (PSR) affected his substantial rights, and thus there is no plain error. Nor do we conclude that failure to remand for resentencing would seriously affect the fairness, integrity or public reputation of judicial proceedings.

As the government noted in its Motion to Supplement the Record on Appeal, we have previously approved supplementation of the record on appeal in situations such as this one where the defendant claims for the first time on appeal that a prior conviction does not qualify him for an enhanced sentence. See e.g., United States v. Fambro, 526 F.3d 836, 849-50; United States v. Fernandez-Cusco, 447 F.3d 382, 384-86. Our previous approval of such motions indicates that we will consider additional documents in situations where the district court erred by relying solely on the PSR. Furthermore, the appellant never contended in his reply brief or at oral argument that the documents attached to the government's motion to supplement were irrelevant to this appeal.

Based on the foregoing as well as the reasoning in our opinion, the motions for rehearing are DENIED.