# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

No. 11-20016
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN ACOSTA YEPEZ, also known as Martin Yepez Acosta, also known as Degoberto Acosta, also known as Martin Acosta, also known as Martin Acosta-Yepez, also known as Martin Y. Acosta, also known as Juan Martin Acosta,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-525-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Acosta Yepez appeals from his conviction of illegal reentry following removal. He contends solely that his Texas conviction of delivery of cocaine did not constitute an aggravated felony for the purpose of sentencing him pursuant to 8 U.S.C. 1326(b)(2), which carries a maximum 20-year term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20016

Acosta Yepez invited the district court to treat his Texas conviction as an aggravated felony when arguing for a downward departure from his guideline sentencing range. The Government, however, does not argue that he is precluded from raising the aggravated felony issue under the invited error doctrine. Out of an abundance of caution, we review Acosta Yepez's contention for plain error. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To demonstrate prejudice, Acosta Yepez must demonstrate that the allegedly incorrect application of § 1326(b)(2) affected his sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

Acosta Yepez's state court judgment of conviction indicates that he was convicted of delivery of cocaine and was sentenced to six months in the county jail. He was charged in three separate paragraphs with delivery of cocaine to G. Flores by actual transfer, constructive transfer, and/or offer to sell. It is unclear under which theory Acosta Yepez was convicted. The delivery of cocaine in Texas by offer to sell is not an aggravated felony under federal law, and the offense of delivery therefore is not categorically an aggravated felony. *See United States v. Ibarra-Luna*, 628 F.3d 712, 716 (5th Cir. 2010). The district court thus erred by finding that Acosta Yepez's previous drug offense was an aggravated felony for purposes of § 1326.

The district court's error, however, did not affect Acosta Yepez's substantial rights. His sentence of 54 months of imprisonment was within the unchallenged 46-57 month guideline sentencing range and was less than the 10 year maximum sentence provided for a defendant with a prior non-aggravated felony. *See* § 1326(b)(1). The district court determined that a within-range

2

sentence was appropriate, particularly in light of his previously lenient sentences, his established recidivism, and his relatively rapid return to the United States after his removal. Acosta Yepez cannot carry his burden of showing that his sentence would have been different had the district court been bound by a 10-year statutory maximum instead of a 20-year one. *See Mondragon-Santiago*, 564 F.3d at 369.

Acosta Yepez has not demonstrated reversible plain error in the calculation of his sentence. Under the circumstances, however, we grant his request (to which the Government agrees) that we remand the case to the district court for the limited purpose of reforming the judgment and sentence to indicate that Acosta Yepez is sentenced pursuant to § 1326(b)(1) and not § 1326(b)(2).

AFFIRMED. LIMITED REMAND TO REFORM JUDGMENT.