**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

Lyle W. Cayce
Clerk

No. 11-50966
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAURO JAVIER ESTRADA, also known as Borrego,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1483

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lauro Javier Estrada appeals his guilty plea conviction for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. He argues that the district court plainly erred by accepting his guilty plea because there was an insufficient factual basis to support the element of the offense that the conspiracy involved 1,000 kilograms or more of marijuana inasmuch as the Government stipulated that Estrada was responsible for less than 1,000 kilograms of marijuana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

While Estrada moved to withdraw his guilty plea, he did not argue in the district court that there was an insufficient factual basis for the guilty plea. Accordingly, Estrada failed to preserve this issue for review. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). Although Estrada arguably invited or waived the alleged error, out of an abundance of caution, we review the issue for plain error. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006).

A district court cannot enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). The district court is required "to determine that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc). "[I]nferences may be 'fairly drawn' from the evidence adduced after the acceptance of a guilty plea but before or at sentencing." *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008). Thus, the presentence report (PSR), which was adopted by the district court, may be considered. *See id.*

In a written factual basis, Estrada admitted that he and others "conspired to possess with the intent to distribute 1,000 kilograms or more of marijuana." He further admitted that he assisted with an operation to transport a load of marijuana that weighed approximately 2,500 pounds, which is approximately 1,133 kilograms. In the PSR, the probation officer reported that the gross weight of the marijuana was 1,114.2 kilograms. Thus, without considering the stipulation to the contrary, Estrada's admissions contained sufficient facts from which the district court could find that the offense involved 1,000 kilograms or more of marijuana. *See id.* at 479.

Estrada's plea agreement and written factual basis included a stipulation that Estrada was responsible for less than 1,000 kilograms of marijuana, arguably contradicting Estrada's admissions that he conspired to possess with intent to distribute 1,000 kilograms or more of marijuana. The parties cite to no

authority concerning whether a contradictory stipulation can negate a factual basis that is otherwise sufficient. As this is an issue of first impression, any error in accepting Estrada's guilty plea was not plain error. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009); *United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998).

AFFIRMED.