# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2012

Lyle W. Cayce
Clerk

No. 11-41239
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO COREAS, also known as Jose Antonio Pena,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-734-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Coreas appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Coreas argues that his sentence was procedurally and substantively unreasonable because the district court imposed a term of supervised release when U.S.S.G. § 5D1.1(c), as amended in November 2011, provides that supervised release ordinarily should not be imposed on a defendant who is a deportable alien.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coreas's statement at sentencing that he had no objection to the sentence imposed by the district court after being made aware of the § 5D1.1(c) issue arguably constitutes invited error. Nevertheless, out of an abundance of caution, we review for plain error. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). Coreas must therefore show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012), we stated that § 5D1.1(c)'s admonition that supervised release ordinarily should not be imposed on a defendant who is a deportable alien was hortatory rather than mandatory and that a district court therefore does not depart from the Guidelines when it imposes a term of supervised release that is within the statutory and guidelines range for the offense of conviction. We went on to hold that the imposition of supervised release in that case did not constitute error, plain or otherwise, because the district court was not asked to focus on § 5D1.1(c) and the accompanying commentary but nonetheless offered at sentencing a "particularized explanation and concern" that justified the imposition of a term of supervised release. *Id.* at 329-30.

At sentencing, the district court in this case recognized the 2011 amendment to § 5D1.1(c) and stated that it nevertheless still wanted to impose a term of supervised release. The district court's other statements at sentencing, addressing the need to deter Coreas from illegally reentering the country and Coreas's history of violence, indicate that the district court's term of supervised release accorded with the guideline and the commentary. *See* § 5D1.1(c) & comment. (n.5); *Dominguez-Alvarado*, 695 F.3d at 329-30. As Coreas has not demonstrated that the district court's imposition of supervised release

No. 11-41239

constituted error, plain or otherwise, the judgment of the district court is AFFIRMED.