# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2013

Lyle W. Cayce
Clerk

No. 12-50343
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PEDRO ORLANDO VARGAS-SANCHEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2615-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pedro Vargas-Sanchez pleaded guilty to attempted illegal reentry and false impersonation in immigration matters, in violation of 8 U.S.C. § 1326 and 18 U.S.C. § 1546, and received, *inter alia*, a within-Guidelines sentence of 46 months' imprisonment. Contesting that sentence, Vargas contends the district court: erred by applying a 16-level crime of violence (COV) enhancement under Guideline § 2L1.2(b)(1)(A)(ii), pursuant to his conviction for conspiracy to commit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

armed robbery, in violation of Georgia Code Annotated §§ 16-4-8, 16-8-41; and failed to rely upon proper documentation of that offense.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Because Vargas failed, however, to preserve in district court his contentions regarding his sentence, review is only for plain error. *E.g.*, *United States v. Dominguez-Alvarado*, 695 F. 3d 324, 327 (5th Cir. 2012). (Arguably, the issues were waived by Vargas' counsel's comments at sentencing and would be, therefore, not subject to review.)  For reversible plain error, Vargas must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  He fails to do so for each issue raised here.

Vargas' contending the record lacks proper documentation of his prior offense lacks merit, because the PSR Addendum attached copies of the state-court judgment and indictment, and the Government supplemented the record on appeal with those documents. *E.g.*, *United States v. Fernandez-Cusco*, 447 F.3d 382, 386-87 (5th Cir. 2006) (state-court charging document or comparable judicial record may be considered to determine COV applicability). Additionally, the district court did not commit clear or obvious error by determining Vargas' conviction for conspiracy to commit armed robbery qualified as a COV for purposes of Guideline § 2L1.2. *E.g.*, *United States v. Rodriguez*, 711 F.3d 541, 549-558, nn.16-17 (5th Cir. 2013) (en banc); *United States v. Santiesteban-*

*Hernandez*, 469 F.3d 376, 380 & n.5 (5th Cir. 2006); U.S.S.G. § 2L1.2, comment. (n.1(B)(iii) and n.5).

AFFIRMED.