# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2013

No. 12-20679
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO CASTRO HERNANDEZ, also known as Francisco Hernandez, also known as Fredy Antonio Hernandez-Castro, also known as Francisco Castro-Hernandez, also known as Francisco Hernandez-Castro, also known as Francisco Castro, also known as Francisco Hernandez Castro, also known as Fredi A. T-Hernandez, also known as Fredi A. Tercero, also known as Fredi A. Tercero Hernandez, also known as Fredi A. Hernandez, also known as Fredi H. Tercero-H, also known as Fredy Tercero Hernandez, also known as Freddie Antonio Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-148-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Francisco Castro Hernandez appeals the 70-month sentence he received following his guilty-plea conviction for being an alien found unlawfully in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States after having been previously deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b). He contends that his prior Texas conviction for attempted arson is not a crime of violence under 18 U.S.C. § 16 or an aggravated felony under 8 U.S.C. § 1101(a)(43) and that he was therefore erroneously sentenced under the increased statutory maximum of § 1326(b)(2). Specifically, he asserts that the Texas statute under which he was convicted does not require as an element the use of physical force or the use of such force against the property of another.

The Government counters that Hernandez affirmatively waived the argument by raising it in his objections to the presentence report but abandoning it at sentencing. It therefore asserts that the argument is not reviewable on appeal. We do not decide the issue because, even if Hernandez's argument is forfeited rather than waived, it fails under the otherwise applicable plain error standard. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006); *see also Puckett v. United States,* 556 U.S. 129, 135 (2009).

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett,* 556 U.S. at 135. If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Subsection (b)(2) of § 1326 increases the applicable statutory maximum sentence if the defendant's prior removal was subsequent to an aggravated felony conviction. *See* § 1326(b)(2). In the instant case, Hernandez was subject to the higher statutory penalties of § 1326(b)(2) based on his prior Texas conviction for attempted arson, in violation of TEX. PENAL CODE ANN. § 28.02.

The term "aggravated felony" in § 1326(b)(2) is defined by 8 U.S.C. § 1101(a)(43). Arson is not specifically listed, but one of the subsections of § 1101 defines an aggravated felony as a "crime of violence (as defined in section 16 of Title 18 . . . for which the term of imprisonment [is] at least one year." *See*

§ 1101(a)(43)(F). Section 16 of Title 18 does not list any enumerated offenses; it defines a crime of violence more generally as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may used in the course of committing the offense."

This court has not specifically addressed whether Texas arson qualifies as a crime of violence under § 16, or more generally as an aggravated felony under § 1101(a)(43). Consequently, the error Hernandez asserts is not clear or obvious under current law. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009); *see also United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).

Alternatively, even if the district court clearly and obviously erred in finding that Hernandez's Texas conviction for attempted arson was a crime of violence under § 16 and, thus, an aggravated felony under § 1101(a)(43) and § 1326(b)(2), Hernandez fails to show reversible plain error. His prior attempted arson conviction is nevertheless a felony conviction under § 1326(b)(1). *See* TEX. PENAL CODE ANN. § 28.02(d) and § 15.01(d). As such, Hernandez was subject to a statutory maximum sentence of at least 10 years of imprisonment. *See* § 1326(b)(1). Because he received a sentence of 70 months, well less than either the 10- or 20-year maximums, Hernandez cannot show that any error in finding that he was subject to a 20-year statutory maximum sentence affected his substantial rights. *See Puckett,* 556 U.S. at 135.

The district court's judgment is AFFIRMED.