# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10785
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL M. MURRAY,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-296-1

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:*

Michael M. Murray appeals his conviction for communicating false or misleading information regarding the presence of a biological weapon, in violation of 18 U.S.C. § 1038(a)(1), and his resulting 37-month sentence. He argues, for the first time on appeal, that, to obtain a conviction under § 1038, the Government was required to prove that the recipient of the hoax or threat had a contemporaneous belief that an imminent threat actually existed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10785

Murray contends that the evidence was insufficient in his case to show that any of the intended recipients of his mailing, which contained a white powdery substance, actually believed that it contained an imminent threat, noting that the employee who initially opened the mailing testified only that she gave the envelope to her supervisor, then washed her hands and returned to work.

As the Government urges in response, Murray arguably invited the asserted error when he proposed the language used in the district court's jury instructions admonishing that, in determining his guilt under § 1038, the jury could not consider what any witness actually believed but instead must consider what an objectively reasonable person under the circumstances could have believed. *See United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014). Because Murray invited the error about which he now complains, review is limited to whether he has shown manifest injustice. *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010). However, his argument fails even under the less strict plain-error standard. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384-85 (5th Cir. 2006).

To demonstrate plain error, Murray must show a forfeited error that is clear or obvious and that affected his substantial rights; if he does, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Murray fails to make the required showing under the first two prongs of this test, i.e. he fails to demonstrate that any error, assuming that there was error, was clear or obvious, as he cites no authority in support of his argument that § 1038 requires the Government to prove that the recipient of a terroristic threat contemporaneously believed it. *See id.; see also United States v. Ramos Ceron*, 775 F.3d 222, 226 (5th Cir. 2014) (stating that a defendant could not demonstrate clear or obvious error in the "absence

2

No. 15-10785

of case law unequivocally supporting" his position on appeal); *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (noting that any claim that is "'not entirely clear under the existing case authority'" is "'doom[ed] . . . for plain error.'"); *cf. United States v. Keyser*, 704 F.3d 631, 643 (9th Cir. 2012) (concluding that § 1038 employs a reasonable-person standard, which is "an objective one, not based on the actual people involved in th[e] case.").

The district court's judgment is AFFIRMED.