# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2021

Lyle W. Cayce
Clerk

No. 20-10803
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

D'ARDE LEE WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-18-1

Before HAYNES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:*

D'Arde Lee Williams appeals the 30-month prison term and one-year term of supervised release imposed on his guilty plea conviction for escaping from federal custody. *See* 18 U.S.C. § 751(a). We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10803

Reviewing for plain error,[1] we reject the contention that Williams was entitled to a reduction of his base offense level under U.S.S.G. § 2P1.1(b)(3), which establishes a four-level reduction for a defendant who is under arrest on a felony charge or in custody for any conviction and who escapes from the nonsecure custody of a community corrections center, a community treatment center, a halfway house, or a like facility without returning voluntarily within 96 hours, provided he commits no other felony while escaped. *United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010); *United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). Under the plain error standard's first three prongs, the defendant must show (1) a forfeited error (2) that is clear or obvious, i.e., not "subject to reasonable dispute," and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). Thereafter, remedying the error is a matter of judicial discretion. *Puckett*, 556 U.S. at 135.

Williams fails in his attempt to show that he was in the custody of a halfway house when he escaped and is thus entitled to the offense level reduction. At best, the record shows that the claim is subject to reasonable dispute. *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78. The factual resume states variously that at the moment of his escape, Williams was confined in a halfway house in Houston, was in custody at a federal prison in Colorado, was assigned to but not yet at the Houston halfway house, and

---

[1] The Government argues that the proper standard is "invited error" due to the fact that Williams's counsel affirmatively stated to the court that the § 2P1.1(b)(3) reduction at issue here was not in play. *See United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 606 (5th Cir. 1991) ("A party generally may not invite error and then complain thereof."). However, because Williams fails even under plain error, out of an "abundance of caution," we will examine under plain error review. *United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006)

2

No. 20-10803

escaped from neither the prison nor the halfway house but from a bus station in Lubbock. These ambiguities alone are a basis for reasonable debate about whether he was in nonsecure custody and thus entitled to the § 2P1.1(b)(3) reduction. The reasonableness of the debate is not diminished by the novel notions Williams advances that he could not be adjudged guilty unless his escape was from the halfway house and that the grand jury's choice of words in the indictment dictates the sentencing determination. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010); *United States v Gluck*, 143 F.3d 174, 178 (5th Cir. 1998); *United States v. Taylor*, 933 F.2d 307, 309 (5th Cir. 1991).

Further, even if we reached the third prong of plain error review, we would conclude any error did not affect his substantial rights given the district court's statement that the same sentence would have been entered even if the guidelines calculation was incorrect for the same reasons stated. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012)(even where harmless error review applies, such a statement that the district court would have imposed the same sentence for the same reason can support a finding of harmless error).

AFFIRMED.

3