# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2024

Lyle W. Cayce
Clerk

———————

No. 22-30574

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS ALEJANDRO VARELA-AVILA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CR-65-1

———————————————————

Before JONES, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Carlos Alejandro Varela-Avila challenges the district court's application of an enhanced statutory maximum to his criminal sentence pursuant to 8 U.S.C. § 1326(b)(1). For the following reasons, we AFFIRM.

## I.   Background

On December 26, 2021, local law enforcement arrested Varela-Avila

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30574

for criminal property damage in Lake Charles, Louisiana. A grand jury subsequently indicted him on one count of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a). The indictment also cited to § 1326(b)(2), an enhanced statutory maximum that applies when a defendant has previously been removed subsequent to a conviction for an aggravated felony. *See* 8 U.S.C. § 1326(b)(2). However, the indictment did not specify the dates that Varela-Avila had previously been removed.

Varela-Avila initially went to trial and elected to proceed pro se with the assistance of standby counsel. However, he decided to plead guilty the morning of the trial. The district court then held the guilty plea colloquy, during which Varela-Avila admitted to reentering the United States after having been previously removed. The plea did not specify the dates of his prior removals.

On September 1, 2022, the district court held the sentencing hearing. The modified presentencing report[1] detailed Varela-Avila's immigration history, noting that he had previously been removed from the United States in June 2005, March 2006, February 2009, and July 2015. The report also provided Varela-Avila's criminal history, including his conviction for aggravated assault with a deadly weapon in July 2013. The report ultimately recommended a sentence between twenty-seven and thirty-three months. Defense counsel stated that he had no objections to the report, and the district court sentenced Varela-Avila to twenty-seven months of imprisonment, followed by three years of supervised release. Varela-Avila timely appealed.

## II. Discussion

---

[1] In order to have an expedited sentencing hearing, the probation office prepared an abbreviated presentencing report with Varela-Avila's consent.

No. 22-30574

Under 8 U.S.C. § 1326(a), the default maximum sentence for a conviction of illegal reentry is two years of imprisonment. However, the statute provides for an enhanced statutory maximum of ten years when a defendant's prior removal was "subsequent to a conviction for commission of . . . a felony." 8 U.S.C. § 1326(b)(1). The maximum increases to twenty years when the prior conviction is for an aggravated felony. *Id.* § 1326(b)(2). Varela-Avila argues that the district court erred in applying § 1326(b)(1) without his admission to his 2015 removal—the only removal that followed his assault conviction. *See United States v. Rojas-Luna*, 522 F.3d 502, 505–06 (5th Cir. 2008) (holding that a prior removal must be proven by a jury or admitted by the defendant for it to be used to enhance a sentencing range).

Ordinarily, when a defendant does not object to the application of a statutory enhancement, we review for plain error. *Id.* at 504. However, "[a] defendant may not complain on appeal of errors that he himself invited or provoked the [district] court . . . to commit." *United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014) (alterations in original) (citing *United States v. Wells*, 519 U.S. 482, 487–88 (1997)). Thus, in cases of invited error, we review for manifest injustice. *Id.*

Here, Varela-Avila invited the error of which he now complains. Indeed, defense counsel suggested the exact Sentencing Guidelines range the district court later relied on for sentencing. Just before the plea colloquy, Varela-Avila asked what would happen if he pled guilty. The district court stated that the maximum sentence would likely be ten years because it agreed with defense counsel that § 1326(b)(1) applied as opposed to (b)(2). The court further stated that it could not provide the exact sentence but estimated that the Sentencing Guidelines range would start at thirty-six months. Varela-Avila's counsel responded that the range was not that high and stated that the range would be twenty-four to thirty months, or twenty-seven to

thirty-three months depending on the criminal history category. The court then stated that it had no reason to disagree and would accept that calculation. Of course, the calculation implies that § 1326(b)(1) applies, as Varela-Avila's sentence would otherwise be capped at twenty-four months. *Compare* 8 U.S.C. § 1326(a) *with* (b)(1). Defense counsel again affirmed the application of the enhancement at Varela-Avila's sentencing hearing. Counsel confirmed that he had no objection to the presentencing report, which noted that § 1326(b)(1) applied. Counsel further advocated for a twenty-seven-month sentence.

Varela-Avila cannot now claim that the district court committed clear error by accepting the sentence he proposed. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006) (noting that defendant likely waived his objection to an enhanced maximum when he "affirmatively recognized it was being applied and indicated it was proper"). Defense counsel did not merely fail to object to the statutory enhancement, but affirmatively recommended a sentence that necessitated its application. Because of this invited error, we review solely for manifest injustice, and see no such injustice here.[2] After all, Varela-Avila does not contest the fact of his 2015

_____

[2] It is appropriate to simply address invited error in this case. *See, e.g.*, *United States v. Solis*, 299 F.3d 420, 453 (5th Cir. 2002) (rejecting defendants' *Apprendi* challenges because they invited such errors); *United States v. Mamoth*, 47 F.4th 394, 398 (5th Cir. 2022) (rejecting Rule 11(c)(1) challenge based on invited error). However, even if, under an abundance of caution, we took a look at plain error, reversal is still not appropriate. Varela-Avila did not establish clear or obvious error. The district court discussed his prior removals just before the plea colloquy, which Varela-Avila did not contest. Further, he did not dispute the guideline calculation, which included the application of § 1326(b)(1). The conversations between the court and parties all imply that a removal followed Varela-Avila's felony conviction—the only issue was whether the felony was aggravated. Thus, there is no clear or obvious error in the sentence. *See Fernandez-Cusco*, 447 F.3d at 385 (noting that plain error review requires a clear or obvious error that affected a defendant's substantial rights).

No. 22-30574

removal and his sentence is only three months over his argued statutory maximum. *See United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020) ("Manifest injustice occurs when the district court's error was so patent as to have seriously jeopardized the rights of the appellant." (internal quotation marks and citation omitted)).

Accordingly, we AFFIRM the judgment of the district court.

---

But even if it did meet the first three elements of plain error review, we still have discretion to determine whether "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" and, thus, warrants remediation. *Puckett v. United States,* 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted). While that is often the case in a sentencing situation, here Varela-Avila has not claimed that the presentence report is inaccurate or that the post-conviction removal did not occur. Further, he was sentenced to a term at the lower end of the guideline range which had been calculated with the help of the defense counsel, who urged the court to impose it. Defense counsel's involvement in the sentence calculation and the slight difference in Varela-Avila's sentence compared with the alleged statutory maximum indicates that any alleged error did not significantly affect the fairness and integrity of the judicial system.