# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2025

Lyle W. Cayce
Clerk

———————

No. 25-30221
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

James Ard,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-173-2

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

James Ard pleaded guilty of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. Although he was determined to be a career offender, he was sentenced below the guidelines range to 228 months. On appeal, he challenges his sentence on three grounds.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30221

First, Ard complains that, because he received a suspended sentence and did not serve any time on his 2021 Louisiana drug-trafficking conviction, that conviction cannot serve as a predicate conviction for purposes of the career-offender enhancement.  As an initial matter, defense counsel affirmatively waived the claim by conceding at sentencing that Ard had been properly assessed one criminal history point for his conviction and that the career-offender enhancement had been correctly applied.  *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006); *United States v. Dodson*, 288 F.3d 153, 162 (5th Cir. 2002).  But assuming *arguendo* that questions Ard raised during allocution amounted to a recission of counsel's waiver, we review the merits of the claim out of an abundance of caution.  *See Fernandez-Cusco*, 447 F.3d at 384.

Ard's 2021 guilty-plea conviction of possession of Xanax with the intent to distribute was countable as part of his criminal history and thus properly served as a predicate conviction for purposes of the career-offender enhancement.  *See* U.S.S.G. § 4B1.1; U.S.S.G. § 4B1.2, comment. (n.3); U.S.S.G. § 4A1.1(c); U.S.S.G. § 4A1.2(a)(1), (3), (f) & comment. (n.9).  Counsel concedes as much but nevertheless asks this court to find that a prior sentence that resulted in no jail time cannot serve as a career-offender predicate conviction.

Second, Ard asserts, for the first time on appeal, that the district court erred in treating his 2021 Louisiana drug-trafficking conviction as a separate offense from the offense of conviction rather than as relevant conduct, reasoning that, because it was relevant conduct, it ought not to have received any criminal history points and thus could not serve as a predicate conviction for purposes of the career offender enhancement.  Because the record shows that counsel accepted the imposition of one criminal history point for the 2021 conviction, the determination that that conviction served as a predicate conviction, and the imposition of the career offender enhancement, counsel

did not forfeit the issue but affirmatively waived it, meaning that, rather than subject to plain-error review, the claim is not reviewable. *See Fernandez-Cusco*, 447 F.3d at 384; *Dodson*, 288 F.3d at 162.

Third and finally, Ard argues that his below-guideline sentence is substantively unreasonable. We review substantive reasonableness for abuse of discretion, giving deference to the district court's assessment of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). Moreover, because the sentence falls below the advisory guideline range, it is presumptively reasonable. *United States v. Fatani*, 125 F.4th 755, 761 (5th Cir. 2025).

Ard urges that the § 3553(a) factors, when properly considered without reference to his career-offender status, warranted a lesser sentence. We will not reweigh the district court's assessment of the relevant sentencing factors, and Ard's argument, which amounts to a disagreement with that assessment, fails to overcome the presumption of reasonableness attached to his sentence. *See Fatani*, 125 F.4th at 762.

Accordingly, the judgment is AFFIRMED.