# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2013

No. 12-20179
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PROSPERO HERNANDEZ MARTINEZ, also known as Propeso Martinez Hernandez, also known as Prospero Martinez Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-698-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Prospero Hernandez Martinez appeals the 57-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that his sentence is substantively unreasonable because it fails to take into account his cultural assimilation and is greater than necessary to deter future criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct and to protect the public. He does not challenge his sentence for procedural error. The Government argues that he waived his arguments because he said he had no objections to the sentence imposed, and, alternatively, that he fails to demonstrate any plain error with respect to his sentence. We need not address whether the arguments were waived or, even if they were not, whether plain error review applies because Hernandez Martinez's arguments fail even under the abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006).

The argument that a lesser sentence was justified based on Hernandez-Martinez's cultural assimilation and familial ties in the United States is insufficient to rebut the presumption of reasonableness applicable to his sentence. *See United States v. Rodriguez*, 660 F.3d 231, 232, 234-35 (5th Cir. 2011). "Although cultural assimilation can be a mitigating factor and form the basis for a downward departure, nothing requires that a sentencing court must accord it dispositive weight." *Id.* Moreover, the district court listened to Hernandez Martinez's arguments in support of a lesser sentence but determined that a 57-month sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Hernandez Martinez has not shown sufficient reason to disturb the presumption of reasonableness applicable to his sentence. *See Rodriguez*, 660 F.3d at 234-35. His within-guidelines sentence was not an abuse of discretion and is AFFIRMED.