**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2012

No. 11-50362

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EDWARD J. TEUSCHLER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and WIENER and GRAVES, Circuit Judges.

EDITH H. JONES, Chief Judge:

Edward Teuschler ("Teuschler") pled guilty to distributing child pornography after he sent pornographic images to an undercover officer posing as a teenage girl. The district court sentenced him to 180 months imprisonment. Teuschler appeals the sentence; we VACATE and REMAND for resentencing.

## I.  Background

Edward Teuschler was caught distributing child pornography to a Texas sheriff's lieutenant posing as a fictional 13-year-old female ("Alexis") in an internet chat room. They began chatting May 14, 2010, and continued to correspond though May 19, 2010. During their correspondence, Teuschler transmitted both adult pornography and nine images of child pornography to

No.  11-50362

Alexis.    On July 6, 2010, law enforcement executed a warrant search of Teuschler's residence.  The images Teuschler had sent to Alexis were found on his computer, along with 277 additional images of child pornography.  Teuschler admitted to investigators that he received and traded child pornography over the internet.  He pled guilty to interstate distribution of child pornography.

At sentencing, the presentence investigation report (PSR) assigned Teuschler a base offense level of 22.  Four levels were added because the offense involved sadistic or masochistic conduct or other depictions of violence.  Three levels were added on the basis that the offense involved at least 150 but fewer than 300 images.  Another nine levels were added for reasons irrelevant to this appeal.  The resulting total offense level was 38.  Teuschler had no criminal history points and thus had a category I criminal history.  His guidelines sentencing range was therefore 235 to 293 months, but it became 235 to 240 months because the statutory maximum sentence was 240 months.  One of Teuschler's objections to the PSR was sustained; of his remaining objections, only one–regarding the offense level enhancement based on the number of images possessed–is pertinent to this appeal.  After the district court's rulings on the PSR, Teuschler's guidelines range was 168 to 210 months.

The district court sentenced Teuschler to 180 months, and he timely appealed, raising three issues: (1) whether the district court erred by enhancing his sentence based on the number of images involved; (2) whether the Guidelines for child pornography crimes violate the Equal Protection Clause; and (3) whether the district court erred by imposing a substantively unreasonable sentence.

## II.  Discussion

No.  11-50362

We review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007).  We first decide whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range."  *Id.*  If the sentence is procedurally sound, we next consider "the substantive reasonableness of the sentence.  Review of substantive reasonableness "merely asks whether the trial court abused its discretion."  *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465 (2007).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence.  *United States v. Castillo*, 430 F.3d 230, 238-39 (5th Cir. 2005) (internal quotation marks and citation omitted).  Whether a district court misinterpreted the Guidelines and thereby committed an error of law is an issue we examine *de novo*.  *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000).  "The Government bears the burden of proving by a preponderance of the relevant and reliable evidence that the facts support a sentencing enhancement."  *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008) (citation omitted).

**A.**

Teuschler first objects that there should have been no numerosity enhancement under § 2G2.2(b)(7)(B) of the Guidelines.  He preserved this objection below.  In calculating an offense level, a district court may consider acts other than the acts underlying the crime of conviction if those other acts constitute "relevant conduct" as defined by the Guidelines.  U.S.S.G. § 1B1.3(a).  Teuschler argues that his possession of additional child pornography images beyond those nine images sent to Alexis does not qualify as "relevant conduct" under U.S.S.G. § 1B1.3(a)(1)(A) (conduct occurring in preparation for the offense,

3

No.  11-50362

during the offense, or in an attempt to avoid detection) or § 1B1.3(a)(2) (conduct occurring as part of a "common scheme or plan" or the "same course of conduct").

There is no evidence in the record before us that Teuschler's possession of the 277 additional images found on his computer occurred in preparation for the offense, during the offense, or in an attempt to avoid detection.  The charged offense occurred in May 2010 and the search of his computer did not occur until July 2010, and the government offers no evidence to suggest how many of these images were obtained in the interim.  Thus, the government did not show by a preponderance of the evidence that Teuschler's possession of the additional images was "relevant conduct" under § 1B1.3(a)(1)(A), which speaks to conduct occurring in preparation for, during, or in an attempt to avoid detection of an offense.

The government argues, however, that Teuschler's possession of these images was part of a "common scheme or plan" under § 1B1.3(a)(2): Teuschler, it reasons, had an inventory of images from which he drew to distribute images to entice young victims, and all the images possessed in that inventory were relevant conduct to the crime of distribution.

This theory is foreclosed by our decision in *United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000).  There, a defendant was convicted of transporting child pornography after sending images to an undercover agent. When federal agents arrested him, he was in possession of images portraying sadistic sexual conduct involving minors.  Because Fowler had never sent the sadistic images–only non-sadistic images–the court held that the possession of the undistributed sadistic images was not part of a common scheme or plan with the distribution for which Fowler was convicted.  *Id.* at 461-62.

No.  11-50362

Here, there is no evidence that Teuschler had an ongoing scheme to entice other girls to engage in sexual activity.  The government does not cite evidence that Teuschler attempted to use these images to entice young girls on other occasions. And unlike in *Fowler*, there is no evidence in the record that Teuschler possessed the additional images at the time of his offense of conviction.  *See Fowler*, 216 F.3d at 462 (citing evidence that images were dated prior to offense).  The government's theory here mirrors what *Fowler* rejected: that all child pornography images possessed by a defendant constitute an inventory and are thus relevant to the offense of distribution.  *See id.* at 462 ("The dissent would make the possession of any child pornography a part of the offense of the interstate transportation of child pornography.  We do not believe the guidelines should be construed so broadly.").  Under *Fowler*, a showing that possession of images of child pornography is "relevant conduct" to the offense of distribution requires more than simply showing that both the images distributed and the images possessed were child pornography.  We therefore conclude that the district court erred in imposing a three-level enhancement for numerosity of images.

**B.**

Teuschler also makes a general attack on the Guidelines governing child pornography crimes, arguing that they have no rational or empirical basis and result in unreasonable and irrational results, and they therefore violate the Equal Protection Clause.  He notes that multiple sentencing enhancements can place child pornography perpetrators in the same sentencing ranges as those who actually engage in acts of sexual abuse of minors.

No.  11-50362

As Teuschler did not raise these arguments in the district court, review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Teuschler cannot prevail on plain error review, because he cannot demonstrate any error at all.  This court has expressly rejected the suggestion that the Guidelines are unreasonable or irrational simply because they are not based on empirical data, even where this leads to apparent disparities in sentences.  *United States v. Miller*, 665 F.3d 114, 120-121 (5th Cir. 2011).  This attack on the Guidelines has already failed.

Teuschler also asserts that the district court abused its discretion by failing *sua sponte* to impose a "downward departure sentence," and that its failure to do so is an abuse of discretion.  Because we remand for resentencing, and the new sentence may differ, we do not consider this issue.

### III.  Conclusion

Because it was error to impose the three-level enhancement for numerosity, we VACATE and REMAND for resentencing.