# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2012

Lyle W. Cayce
Clerk

No. 12-60312
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PATRICK HOLLOWELL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CR-46-3

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Subsequent to pleading guilty to conspiracy to commit kidnapping for ransom, kidnapping for ransom, and carrying and brandishing a firearm during a crime of violence, Patrick Hollowell was sentenced, *inter alia*, to 324-months' imprisonment. Hollowell contends his sentence is substantively unreasonable because: the district court abused its discretion in balancing the sentencing factors by failing to account for his drug addiction's role in his criminal history,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the family tragedies he had recently suffered, and his efforts to cooperate with authorities; and it is "not comparable" to his codefendants' sentences.

Post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 51 (2007). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Teuschler*, 689 F.3d 397, 399 (5th Cir. 2012) (internal quotation marks and citations omitted).

The district court considered Hollowell's assertions for a lower sentence, and weighed them against other relevant sentencing factors. In that regard, the court twice explained it accounted for Hollowell's cooperation with authorities. Hollowell challenges the court's balancing of the sentencing factors, but he fails to show its decision was based on an error of law or a clearly erroneous assessment of the evidence. *Id.* "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Regarding Hollowell's contention that his sentence is "not comparable" to his codefendants' sentences, he fails to show his codefendants were similarly situated to him. *E.g.,* 18 U.S.C. § 3553(a)(6) (district court must consider "the need to avoid unwarranted sentence disparities among defendants with *similar* records who have been found guilty of *similar* conduct") (emphasis added); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010) (no unwarranted disparity where codefendant convicted of different crime or received downward departure).

AFFIRMED.