# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2013

No. 12-50141
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS URIAS-CRUZ; HORACIO JAVIER RAMOS-CONTRERAS,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-295-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luis Urias-Cruz (Urias) and Horacio Javier Ramos-Contreras (Ramos) were convicted of aiding and abetting and possessing with intent to distribute 50 kilograms or more but less than 100 kilograms of marijuana. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. Urias appeals his conviction. Ramos appeals his sentence of 42 months of imprisonment. We affirm both judgments.

We reject Urias's claim that the district court abused its discretion when it excluded the opinion testimony of Dr. Tony Payan, testimony that Urias

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintained would support his defense that kidnappers had forced him to carry the drugs across the border. *See General Electric Co. v. Joiner*, 522 U.S. 136, 142 (1997); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997). Before an expert is permitted to offer opinion testimony, "the trial judge must determine whether the . . . testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004) . Because Urias fails to show that Payan's testimony was relevant, we do not reach the question whether Payan's testimony was reliable. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002).

Both Urias and Ramos testified that they at no time had any opportunity to escape from the men they say kidnapped them. Thus, Urias and Ramos could not have sought Mexican police assistance to overcome any duress, and so it does not matter that—as Payan would have opined—a pervasive distrust of the police might have made Urias afraid to seek police help. *See* FED. R. EVID. 401; *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). Additionally, Payan's opinion concerning the incidence of coerced drug activity originating in Mexico would not help to establish that it was more probable than not that Urias had acted under duress. *See* FED. R. EVID. 401; *Burleson*, 393 F.3d at 587. Payan testified in his *Daubert* hearing that most people who carry others' drugs across the border are compensated for doing so rather than coerced to do so. Also, Urias now concedes that his jurors were likely well aware of the violence in Mexico; thus, Payan's knowledge of this topic was not specialized to assist resolution of this case by a jury. *See* FED. R. EVID. 702.

We reject also Ramos's claim that the district court plainly erred when it failed to assign a minor role adjustment to Ramos's offense level. Ramos must first show on plain error review a forfeited error it is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, and if he shows also that the error affected his substantial rights, we have the discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public

reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted). "[B]ecause he cannot demonstrate any error at all," however, Ramos cannot prevail on plain error review. *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012).

A defendant's role in the offense turns on culpability, not on status as a courier. *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). To show that he is entitled to more lenient treatment, Ramos must point to evidence that he was among the least culpable in the offense. *See* U.S.S.G. § 3B1.2 comment. (n.2); *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995). Ramos offered no evidence that he was less culpable than the others in his group who, like him, carried drugs over the border in backpacks. Additionally, there is no merit to the suggestion that Ramos was penalized for going to trial. The sentencing transcript makes clear that the district court's comment about Ramos's going to trial was not about the choice to go to trial but merely about the fact of having done so—the court was simply refreshing its recollection of the facts of Ramos's case, not expressing any vindictive sentiment.

AFFIRMED.