# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2014

Lyle W. Cayce
Clerk

No. 12-51042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE VERA-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-125-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Vera-Lopez (Vera) appeals the 38-month within-guidelines sentence imposed on his conviction for illegal reentry following deportation. *See* 8 U.S.C. § 1326. Because he did not object to the sentence in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To succeed on plain error review, Vera must show (1) a forfeited error

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett*, 556 at 135. On such a showing, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted).

We reject the contention that the sentence was excessive because Vera's reentry was not a wrong in itself and hurt no one. *Cf. United States v. Aguirre-Villa*, 460 F.3d 681, 682-83 (5th Cir. 2006). Additionally, precedent forecloses Vera's argument that a within-range sentence for illegal reentry is not entitled to a presumption of reasonableness. *See* U.S.S.G. § 2L1.2; *United States v. Duarte*, 569 F.3d 528, 529-31 & n.11 (5th Cir. 2009). Precedent also forecloses any claim that the use of prior convictions to increase the offense level and to calculate criminal history constitutes impermissible double-counting. *See United States v. Calbat,* 266 F.3d 358, 364 (5th Cir. 2001). To the extent that Vera may be understood to contend that it was error to order his 38-month sentence and his 18-month revocation sentence to be served consecutively, the contention fails. *See* 18 U.S.C. § 3584; *United States v. Cotroneo*, 89 F.3d 510, 512 (5th Cir. 1996).

The reasons given by the district court for its chosen sentence for Vera's offense comport with the sentencing factors established by Congress. *See* 18 U.S.C. § 3553(a). Because the sentence is within a properly calculated guidelines range, it enjoys a presumption of reasonableness. *See United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013). The record offers no convincing reason for us to forgo applying that presumption and to substitute another sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Vera has not demonstrated plain error because he has failed to "demonstrate any error at all." *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012).

No. 12-51042

To the extent that Vera may be understood to raise a separate attack on his 18-month revocation sentence, that matter is not before us in this case. An appeal is taken "only by filing a notice of appeal." FED. R. APP. P. 3(a)(1). Vera's notice of appeal in this case concerns the 38-month sentence only.

AFFIRMED.