# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10760
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL EDWARD SIMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-184-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paul Edward Sims appeals the sentence he received upon revocation of the five-year term of probation imposed on his guilty plea conviction for conspiracy to possess with intent to manufacture and distribute methamphetamine. *See* 18 U.S.C. § 3565; 21 U.S.C. § 846. The revocation sentence was an 18-month prison term, which was above the United States Sentencing Guidelines' policy statement advisory range, to be followed by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10760

three-year term of supervised release. Reviewing for plain error, we affirm. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Kippers*, 685 F.3d 491, 496-97 (5th Cir. 2012).

There is no merit to the contention that the district court inadequately considered Sims's arguments and inadequately explained the revocation sentence selected. The district court gave a detailed and explicit explanation for the within-statutory-range punishment selected, stating that a sentence above the policy statement range was required because Sims failed to appreciate the lenient treatment accorded him when sentenced originally, was not amenable to supervision, and presented a danger to the community. Thus, Sims cannot show plain error because he cannot "demonstrate any error at all." *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012); *see Kippers*, 685 F.3d at 498. Sims's alternative argument—that a procedural objection should not have been required at sentencing—is foreclosed. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 n.2 (5th Cir. 2009).

AFFIRMED.