# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50418

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY NAVARRO SPENCER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2506-1

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

After masterminding several criminal schemes involving identity theft, forgery, and financial fraud,[1] defendant Anthony Navarro Spencer fled the United States, using his brother's U.S. passport—which he stole—to enter

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] Spencer's extensive criminal history includes convictions for forgery; money laundering; identity theft; making false financial statements (multiple times); writing checks with insufficient funds (multiple times); obtaining money/property by false pretenses; grand theft (multiple times); theft; petty theft; theft from an elder or dependent adult; inflicting corporal injury on his spouse; and carrying a concealed weapon.

No. 14-50418

Mexico and evade apprehension for some of his previously uncharged criminal conduct.[2]  After the dust settled, Spencer attempted to reenter the United States using the same stolen passport, but was thwarted at the border because his brother had reported the passport as lost or stolen.  Caught, Spencer pled guilty to improper use of another person's passport, in violation of 18 U.S.C. § 1544.

At the sentencing hearing, the district court noted that Spencer's lengthy criminal history "reflects a continuous pattern of criminal conduct that covers more than thirty years" and is "unrelenting."  After applying the § 3553 factors, the district court sentenced Spencer to an above-guidelines sentence:  thirty months in prison and three years of supervised release.  The district court then orally pronounced several special conditions of Spencer's supervised release, including prohibitions against self-employment and jobs involving the need to handle financial matters or sensitive information.[3]  The district court also pronounced this restriction on Spencer's ability to travel:

> As a condition of your supervised release, you are going to be prohibited from traveling or residing in Mexico and Canada at any time during the term of supervised release.  For that matter, you are not going to be allowed to travel anywhere in the world *without the specific permission of your probation officer*.

Subsequently, the district court entered a written judgment that includes this special condition related to travel:  "The defendant shall not be allowed to travel during the term of supervision."  Notably, the special travel condition in

---

[2] When he absconded, Spencer was under parole supervision; he was still under parole supervision when he committed the crime underlying this appeal.

[3] The jobs prohibited while on supervised release were real estate agent, sales representative, real estate broker, loan officer, financial consultant, financial advisor, bank teller, accountant, property manager, auditor, treasurer, or any other job involving monetary transactions.

No. 14-50418

the written judgment omits the phrase from the oral pronouncement that allows travel with the permission of Spencer's probation officer.

Spencer appeals the imposition of these supervised-released conditions.

## I. Employment-Based Conditions

Spencer argues that the district court plainly erred in imposing occupational restrictions as special conditions of his supervised release because the restrictions are not reasonably related to his offense conduct and are not imposed to the minimum extent necessary.[4]

There are several statutes and sentencing guidelines that affect our analysis, *see* 18 U.S.C. §§ 3553, 3563, 3583; U.S.S.G. §§ 5D1.3, 5F1.5, but the nub of the case is that there needs to be "a reasonably direct relationship" between the occupational conditions and "the conduct relevant to the offense of conviction." U.S.S.G. § 5F1.5(a)(1); *see also* 18 U.S.C. § 3583(d)(1) (using the phrase "reasonably related"); *id.* § 3553(a)(1), (2). The imposition of the conditions also needed to be "reasonably necessary to protect the public because there is reason to believe that, absent such restriction, [Spencer] will continue to engage in unlawful conduct similar to that for which [he] was convicted." U.S.S.G. § 5F1.5(a)(2); *see also* 18 U.S.C. § 3553(a)(2)(C).

After stealing a passport, Spencer represented himself as the person described on the passport and presented that passport to federal officials in an attempt to avoid revealing his true identity. The district court's decision to restrict Spencer's access to self-employment and financial services jobs that involve sensitive information—such as personal identification documents and private financial records—is related directly to Spencer's offense conduct.

---

[4] Spencer did not object to the employment-based supervised-release conditions. Accordingly, we review his claim for plain error. *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

No. 14-50418

Moreover, the imposed conditions are reasonably necessary to protect the public by denying Spencer access to sensitive documents and information while on supervised release. Given the reasonably direct relationship between the conduct underlying Spencer's crime and the employment-based restrictions, we conclude that the district court did not plainly err in imposing the special conditions for the term of Spencer's supervised release.[5]

## II. Travel Conditions

The written judgment prevents all travel while on supervised release. The oral pronouncement prevents all such travel "without the prior permission of [Spencer's] parole officer." The parties agree that there is a discrepancy between the oral pronouncement and the written judgment regarding whether Spencer can travel with permission or cannot travel at all.[6] However, the parties disagree as to whether the permission-versus-no-permission discrepancy is a "conflict" or an "ambiguity." *Compare United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (stating that the *oral pronouncement* controls when a *conflict* exists between an oral pronouncement and the written judgment), *with United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (stating that the *intent* of the sentencing court controls when the discrepancy between the oral pronouncement and written judgment amounts to an *ambiguity*).

---

[5] To the extent that the supervised-release conditions are not the type of "occupational restrictions" captured by § 5F1.5(a) of the Sentencing Guidelines, the conditions are subject to lesser standard of scrutiny and would necessarily withstand challenge on appeal. *Accord United States v. Paul*, 274 F.3d 155, 171 n.18 (5th Cir. 2001).

[6] Because a defendant has no opportunity to object to conditions of supervised release that are included for the first time in the written judgment, we review the imposition of such conditions for an abuse of discretion rather than plain error. *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012).

In this case, however, this ambiguity-versus-conflict distinction is an academic matter without palpable, practical implications for Spencer's sentence. If the discrepancy amounts to a "conflict," the written judgment need only be corrected so that it is consistent with the oral pronouncement. *See Martinez*, 250 F.3d at 942. In such case, the written judgment would be modified to state that Spencer is banned from travel "without the specific permission of [his] probation officer." And, if the discrepancy is an "ambiguity," the written judgment need only be modified to capture the district court's intent regarding the travel restriction. *Torres-Aguilar*, 352 F.3d at 935. Here, the best evidence of the district court's intent is its own statement at sentencing that Spencer is banned from travel "without the specific permission of [his] probation officer." All roads lead to the same conclusion: Spencer cannot travel without the permission of his probation officer.

The next question is whether the Court should remand for entry of a modified/clarified judgment or amend/clarify the judgment here. This Court has the option to chart either course. *See* 28 U.S.C. § 2106 (providing that federal appellate courts "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances"). We choose the latter course and modify the special travel condition in the written judgment, such that it now reads: "The defendant shall not be allowed to travel during the term of supervision without the specific permission of his probation officer."

## III. Conclusion

We AFFIRM the employment-based conditions. We AFFIRM the travel-based restrictions AS MODIFIED to reflect that Spencer may travel during the

No. 14-50418

term of his supervised release if he obtains the specific permission of his probation officer.