# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51115
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRASHANDA SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3-14-CR-42

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Trashanda Scott appeals her conviction for assault resulting in serious bodily injury, for which she was sentenced to imprisonment for one year and one day. *See* 18 U.S.C. §§ 7(3), 113(a)(6). We AFFIRM.

Scott does not dispute that she waived her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) during an interview following her altercation with the alleged victim. Nonetheless, she contends that her conviction should be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51115

reversed because the prosecution highlighted her failure to return to provide a written statement to a law enforcement investigator and her pretrial failure to claim that she had acted in self-defense. *See Doyle v. Ohio*, 426 U.S. 610 (1976).

We review for plain error the claim pertaining to pretrial silence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Vonn,* 535 U.S. 55, 62-63 (2002). By answering the investigating officer's questions after waiving her *Miranda* rights, Scott made "fair game [of] both [her] answers and omissions." *United States v. Vargas*, 580 F.3d 274, 277 n.1 (5th Cir. 2009); *see Greer v. Miller,* 483 U.S. 756, 763 (1987). If a defendant chooses to talk, "what he says or omits is to be judged on its merits or demerits." *Vargas*, 580 F.3d at 277 n.1 (internal quotation marks and citation omitted); *see United States v. Pando Franco,* 503 F.3d 389, 397 (5th Cir. 2007).

Scott's *Miranda* waiver remained effective unless "contradicted by an invocation" of the right. *Berghuis v. Thompkins,* 560 U.S. 370, 384 (2012). Scott does not contend, and nothing in the record shows, that she unambiguously and unequivocally invoked the right to remain silent after having waived it. *See id.* Thus, with regard to any *Doyle* claims pertaining to testimony (and any prosecutorial comments thereon) concerning a claim of self-defense, there is no plain error because Scott has failed to demonstrate any "error at all." *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012).[1]

Even assuming arguendo that it was error to allow mention of Scott's omissions in and after her Mirandized interview, such an error was not plain. *See Vargas*, 580 F.3d 274, 77; *see also United States v. Fambro,* 526 F.3d 836, 847 (5th Cir. 2008) (characterizing as "not clear" circuit law regarding *Doyle* error in cases in which the right to remain silent was waived). If circuit law is

---

[1] We also note that Scott represented in the district court that she had no objection to testimony about what happened in her Mirandized interview. *Cf. United States v. Lopez-Escobar*, 920 F.2d 1241, 1246 (5th Cir. 1991).

unclear, then whether the prosecutor crossed the *Doyle* line by highlighting Scott's pretrial reticence about self-defense following her waiver of *Miranda* rights would be a matter "subject to reasonable dispute." *Puckett*, 556 U.S. at 135; *see United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). A reasonable dispute precludes a conclusion of plain error. *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78.

Because there was no error, plain or otherwise, in connection with the claim concerning the questioning of the investigator about whether Scott returned to provide a written statement, we need not determine what standard of review applies. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). There was no violation of *Doyle* because the investigator did not answer the question, the jury was instructed to ignore unanswered questions, and the question itself did not necessarily comment on the exercise of the right to remain silent. *See Miller,* 483 U.S. at 763; *United States v. Carter*, 953 F.2d 1449, 1466 (5th Cir. 1992).

Nor is reversal warranted on the notion that the district court committed cumulative errors resulting in a miscarriage of justice. *See United States v. Delgado*, 672 F.3d 320, 343-44 (5th Cir. 2012) (en banc). The *Doyle* claims are explained above, and the two remaining claims of error—concerning the prosecutor's attempt to impeach Scott through testimony offered by an emergency medical technician and the district court's rulings in connection with Scott's cross-examination of the victim—are unsupported by the record. *See United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003); *United States v. York,* 888 F.2d 1050, 1056 (5th Cir. 1989). There are thus no errors to accumulate. *See Delgado*, 672 F.3d at 344.

AFFIRMED.