# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

Lyle W. Cayce
Clerk

No. 15-40604
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS PABLO MACIAS-MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-837-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Pablo Macias-Medina (Macias) appeals the 57-month sentence imposed on his guilty plea conviction for reentering the United States illegally. *See* 8 U.S.C. § 1326. He contends that the district court committed procedural error in imposing sentence and also that it imposed a substantively unreasonable sentence after declining to grant him a downward departure or a variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40604

We find no merit to Macias's contentions that the district court erred procedurally because it failed to explain why it denied a sentence below the guidelines range, was unwilling to address the sentencing guideline provision concerning supervised release of a deportable alien, and inadequately explained its reason for imposing a term of supervised release.  If a district court "decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007).  The district court made clear that Macias's extensive criminal history drove the choice of prison term and the decision to require supervised release.  Because this case is "conceptually simple . . . and the record makes clear that the [court] considered the evidence and the arguments," no greater explanation was necessary.  *Id.* at 359.  Also, a district court is not precluded from imposing a term of supervised release on a removable alien if the court determines, as occurred in Macias's case, that supervision is necessary as an added measure of protection and deterrence.  *See* U.S.S.G. § 5D1.1, comment. (n.5).  The district court's determination is amply supported by Macias's criminal history.  Because Macias shows no "error at all," he fails to establish that we should reverse for plain procedural error.  *See United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012).

Additionally, we reject the contention that Macias was entitled to a downward departure or a variance.  In our caselaw, a departure is a sentence that falls outside the initially calculated guidelines range but is authorized by one or more provisions of the Sentencing Guidelines, while a variance is a sentence that is not so authorized.  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  Nothing indicates that the district court was of the mistaken belief that it was not free to depart.  Therefore, to the extent that a departure basis existed and the district court believed it could depart below

2

the guidelines range but declined to do so, we are without jurisdiction to review the decision.  *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). However, reviewing the question whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable, we find no relief warranted.

Because Macias's sentence is "within a properly calculated Guideline range," an inference arises that the district court considered "all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  In this circuit, a within-guidelines sentence "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita*, 551 U.S. at 347.  Nothing in the record counsels in favor of not applying the presumption of reasonableness, particularly in light of Macias's extensive criminal history.  Moreover, even if we were to agree with Macias that a below-guidelines sentence would be reasonable, that is insufficient basis for disturbing the district court's sentencing decisions.  *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007).

AFFIRMED.