# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2015

Lyle W. Cayce
Clerk

No. 14-11312
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO ANGEL CASTILLO-GUERRA, also known as Sergio Castillo-Guerra,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-130-2

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Sergio Angel Castillo-Guerra (Castillo) appeals the 210-month sentence imposed on his guilty plea conviction for conspiring to possess with intent to distribute and to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846. Castillo contends that the district court committed plain error by using the wrong guidelines edition when calculating his sentencing range, erred procedurally in determining drug quantity, violated his due process rights by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11312

using unadjudicated acts information to sentence him, and imposed a sentence that was substantively unreasonable. Because Castillo did not present the district court with any of the arguments he advances on appeal, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

The district court's error in using the 2013 edition of the Sentencing Guidelines instead of the 2014 edition did not affect Castillo's substantial rights, as U.S.S.G. § 2D1.1(c)(1) of each edition assigned the same base offense level for the 480-kilograms for which Castillo is accountable. *See Puckett*, 556 U.S. at 135. We reject also Castillo's contention that drug quantity was improperly calculated. Because determination of drug quantity is a factual finding, and because he did not properly object, precedent dictates that Castillo cannot prevail on plain error review. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). We decline Castillo's invitation to break with precedent. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). Moreover, even assuming *arguendo* that we could review the district court's factual determination that Castillo was accountable for 480 kilograms of cocaine, that determination was not clearly erroneous.

There is no merit to the argument that the district court violated due process by relying on unadjudicated facts. To the extent that the assertion that the determination of the date of Castillo's initial involvement in drug trafficking is tethered to the claim that drug quantity was miscalculated, it fails; the determination is a factual one and offers at best a slim basis for reversal on plain error review. *See Claiborne*, 676 F.3d at 438. Additionally, the claim that the district court relied on a report of an assault incident in Mexico does not entitle Castillo to relief on plain error review. The record "does not indicate that it is reasonably probable" that the district court would have

imposed a lesser sentence had it not considered the incident.  *United States v. Jones*, 444 F.3d 430, 438 (5th Cir. 2006).  Moreover, even if there were a reasonable probability that Castillo's sentence would have been less had the district court not considered the incident in Mexico, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  *See Puckett*, 596 U.S. at 135.  Even if improper, the district court's mention of the Mexican incident did not "go to the criminality of" Castillo's conduct in the instant case but instead arguably affected only "the discretionary decision of how lengthy a sentence is necessary to provide adequate deterrence and protect the public."  *United States v. Jones,* 489 F.3d 679, 683, 683-84 (5th Cir. 2007).

Castillo's challenge to the substantive reasonableness of the sentence fails on plain error review because Castillo "cannot demonstrate any error at all."  *United States v. Teuschler,* 689 F.3d 397, 400 (5th Cir. 2012).  The district court explained that the sentence was appropriate under 18 U.S.C. § 3553(a).  Moreover, because the sentence is "within a properly calculated Guideline range," an inference arises that the district court considered "all the factors for a fair sentence set forth in the Guidelines."  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  In this circuit, a within-guidelines sentence "is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Nothing in the record counsels in favor of not applying the presumption of reasonableness.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The judgment is AFFIRMED.  Castillo's motion to relieve counsel and to appoint new counsel is DENIED.