# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON LEE BRADBERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CR-60042-1

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jason Lee Bradberry appeals his resentencing to a five-year term of imprisonment following the revocation of his sentence of five years of probation on his guilty plea conviction for conspiring to possess with intent to distribute controlled substances. *See* 18 U.S.C. § 3565; *see also* 21 U.S.C. §§ 841(a)(1), 846. Reviewing for plain error, we affirm. *See United States v. Teuschler*, 689

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 397, 400 (5th Cir. 2012); *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).

We reject the claims that the district court deprived Bradberry of due process.  Contrary to his arguments, revocation of the sentence of probation had nothing to do with anything that occurred on, or in connection with, either his January 2005 arrest or his September 2014 arrest.  Also, Bradberry's December 2003 narcotics test was irrelevant to the decision to revoke probation, and Bradberry fails to show that the alleged delay in charging him in connection with that test violated due process.  Because Bradberry is unable to "demonstrate any error at all" regarding these claims, he fails to demonstrate plain error.  *Teuschler*, 689 F.3d at 400.

Additionally, we find meritless the claim that the district court erred by applying the statutory maximum term when resentencing Bradberry following revocation.  Upon revocation, a district court may—as the district court did in the instant case—impose a term of imprisonment that does not exceed the maximum set by statute for the original offense.  *Kippers,* 685 F.3d at 496 (citing 18 U.S.C. § 3565(a)(2)); *see* U.S.S.G. Ch.7, Pt.A(2)(a).

We reject, too, Bradberry's claim under the Ex Post Facto Clause.  The Sentencing Guidelines in effect at the time the crime of conviction was committed are not implicated when calculating the advisory policy statements sentencing range upon revocation, *see* U.S.S.G. Ch.7, Pt.B, or the statutory maximum revocation sentence, *see* 18 U.S.C. § 3583(e)).  The concerns that implicate the Ex Post Facto Clause are therefore not germane to Bradberry's case. *See, e.g., United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007).

Also, we conclude that there is no merit to the claim that the revocation sentence was plainly unreasonable, a claim based on conclusory arguments

No. 15-30281

and contrary to precedent. Bradberry fails to show why the district court's explanation did not suffice, particularly given the lenient punishment imposed at the original sentencing. *See Kippers*, 685 F.3d at 498-99. In our view, the district court said enough about its sentence "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Kippers*, 685 F.3d at 498 (internal quotation marks and citation omitted).

AFFIRMED.