# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MUNOZ,

Defendant-Appellant

Consolidated with No. 18-10583

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MUNOZ RUIZ, also known as Pedro Carrillo, also known as Luis A. Ruiz, also known as Luis Alberto Ruiz, also known as Pedro Ruiz, also known as Pedro Martinez,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-61
USDC No. 4:17-CR-230

No. 18-10575
c/w No. 18-10583

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Pedro Munoz appeals the 151-month sentence imposed on his guilty plea conviction for possessing with intent to distribute a controlled substance. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). Additionally, he appeals the 24-month revocation sentence imposed on the related revocation of his term of supervised release on an earlier conviction for illegal reentry. *See* 18 U.S.C. § 3583(e). The district court ordered that these sentences be served consecutively. We affirm both sentences.

Ordinarily, we review an original sentence for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). In reviewing for reasonableness, we "merely ask[ ] whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). We ordinarily review a revocation sentence to determine if it is plainly unreasonable in light of certain sentencing factors set forth in § 3553(a), asking whether the district court abused its discretion. *See United States v. Miller*, 634 F.3d 841, 843-44 (5th Cir. 2011).

Under the bifurcated review process adopted in *Gall*, we first examine whether the district court committed procedural error. *See* 552 U.S. at 51. We employ a bifurcated process in the revocation context as well, applying the revocation abuse-of-discretion standard in analyzing the substantive reasonableness of a revocation sentence after examining for procedural error. *See Miller*, 634 F.3d at 842-43. But review of any claim is for plain error if "the defendant has the opportunity to seek vindication of [his] rights in district

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court" but fails to avail himself of that opportunity. *Puckett v. United States*, 556 U.S. 129, 136 (2009).

The parties disagree about the standard of review applicable to the claims that the district court did not consider Munoz's arguments for downward variances and for concurrent sentences and did not adequately explain its sentences and consequently that the sentences are procedurally unreasonable. Munoz did not preserve his procedural arguments. *See, e.g., United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013). However, he has shown no error at all and thus no plain error. *See United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012). We need not decide whether plain error applies to his challenge to substantive reasonableness, as Munoz does not prevail under the ordinary standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

A sentencing judge need not state "explicitly that he . . . heard and considered" every argument the defendant made. *Rita*, 551 U.S. at 359. The records in these consolidated cases make clear that the "sentencing judge listened to each argument." *Id.* at 358. The record shows also that the district court considered the presentence report's ample evidence of Munoz's extensive criminal history. Additionally, the district court remarked that its sentences were appropriate in light of applicable factors listed in 18 U.S.C. § 3553(a). Those remarks constituted an adequate explanation of the sentences in these cases and of the reasons for rejecting, knowingly but implicitly, any downward variance. *See Rita*, 551 U.S. at 345; *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

With respect to substantive reasonableness, a within-guidelines sentence "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Also, a presumption of substantive reasonableness

attaches to a revocation sentence within the policy statement advisory range. *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

Munoz's suggestion that we reweigh the § 3553(a) factors is unavailing. *See Gall*, 552 U.S. at 51.  In light of the district court's thorough review of the records and recitation of the reasons justifying the sentences, Munoz offers no adequate basis for forgoing application of the presumption of reasonableness that attaches to each and for supplanting each with a sentence of this court's choice.  *See id.*

Nor does Munoz succeed in overcoming his failure to show that either sentence is unreasonable in its own right by attacking the cumulative sentence.  The district court's decision to order that the sentences be served consecutively was authorized by statute and recommended by the Sentencing Guidelines.  *See* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) & comment. (n.4), p.s.  Given the deference owed the sentencing court, we see no reason to disturb the district court's exercise of its discretion.

AFFIRMED.