# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20387
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

TOM INEZE EMASEALU,

> Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-268-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Tom Ineze Emasealu appeals certain restitution orders imposed under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the final judgment entered on his guilty plea convictions for conspiring to commit access device fraud, 18 U.S.C. §§ 371, 1029(a)(2), (b)(2); possessing 15 or more unauthorized access devices, 18 U.S.C. § 1029(a)(3); using and trafficking in unauthorized access devices (11 counts), § 1029(a)(2); committing aggravated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20387

identity theft (7 counts), 18 U.S.C. § 1028A; and committing wire fraud, 18 U.S.C. § 1343. We modify the judgment and affirm it as modified.

Pretermitting determination of the standard of review applicable to it, we reject Emasealu's claim that an order of restitution to Amy and Joe Mikesell for credit monitoring costs incurred after the temporal scope of the crimes of conviction is illegal. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Only when a fraudulent scheme is not an element of the conviction is the court prohibited from awarding restitution for compensable "losses caused by conduct that falls outside the temporal scope of the acts of conviction." *United States v. Mathew*, 916 F.3d 510, 516 (5th Cir. 2010) (internal quotation marks and citation omitted). Thus, Emasealu fails to show any error at all in connection with this claim. *See United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012). But we agree with the parties that an order of restitution to the Mikesells in the amount of $84.75 for credit monitoring *before* Emasealu committed his fraudulent schemes was erroneous and not harmless. *See United States v. Westbrooks*, 858 F.3d 317, 327 (5th Cir. 2017).

Additionally, we reject Emasealu's claim that the judgment improperly includes certain restitution amounts because they were not supported by documentation. Emasealu failed to demonstrate that any part of his sentence was illegal. If a restitution order is legal, the propriety of a particular restitution amount is ordinarily reviewed for abuse of discretion. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). But Emasealu's failure to raise a no-documentation objection to the restitution amounts in the district court relegates this claim to plain error review. *See id.* Emasealu cannot meet that standard because he fails to show any error at all. *See Teuschler*, 689 F.3d at 400.

No. 17-20387

The district court relied on and adopted the presentence report (PSR) and its addenda; those documents included the sworn victim statements underlying the restitution awarded. Ordinarily, "a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995) (internal quotation marks and citation omitted); *see Ollison*, 555 F.3d at 164. Emasealu offered no evidence to rebut the PSR's recommendation of these claims; consequently, his contentions about a lack of documentation are unavailing. *See Teuschler*, 689 F.3d at 400; *Ollison*, 555 F.3d at 164.

We modify the judgment to reduce the restitution ordered to be paid to the Mikesells by $84.75. *See* 28 U.S.C. § 2106.

AFFIRMED AS MODIFIED.