# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2021

Lyle W. Cayce
Clerk

No. 20-10052
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL WRIGHT; RICKEY CHERRY,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-191-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

A jury convicted Michael Wright of three counts of interference with commerce by robbery and aiding and abetting, 18 U.S.C. §§ 1951(a) & 2; two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence (COV) and aiding and abetting, 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10052

§§ 924(c)(1)(A)(ii), (C)(i) & 2; one count of using or carrying, or aiding and abetting another in using or carrying, a firearm during and in relation to a COV, §§ 924(c)(1)(A)(i), (C)(i) & 2; and one count of possessing a firearm after a felony conviction, 18 U.S.C. §§ 922(g)(1) & 924(a)(2).  The same jury convicted Rickey Cherry of two counts of interference with commerce by robbery and aiding and abetting, §§ 1951(a) & 2, and two counts of using, carrying, and brandishing a firearm during and in relation to a COV and aiding and abetting, §§ 924(c)(1)(A)(ii), (C)(i) & 2.  The district court sentenced Wright to a cumulative prison term of 438 months and Cherry to a cumulative prison term of 308 months.  Additionally, the district court sentenced each to a cumulative supervised release term of three years.

On appeal, Wright posits one issue in two parts, centered on the invocation of the Fifth Amendment testimonial privilege by counsel for Kameron Robinson, one of Wright's codefendants and a potential witness. First, Wright asserts that the district court erred by allowing counsel for Robinson to invoke the privilege on Robinson's behalf; second, he contends that the court erred by allowing a blanket invocation instead of conducting a particularized inquiry of Robinson himself.  Because Wright did not object when the district court said that it would allow Robinson's counsel to invoke the privilege and did not request a particularized inquiry, we review both issues for plain error.  *See United States v. Rodriguez*, 602 F.3d 346, 350–51 (5th Cir. 2010); *see also United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006).

Under the plain error standard, Wright must show (1) a forfeited error (2) that is clear or obvious, i.e., not "subject to reasonable dispute," and (3) that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he meets those burdens, then we have "the discretion to remedy the error"—discretion that will not be exercised if the error has no serious effect on "the fairness, integrity or public reputation of judicial

proceedings." *Id.* (emphasis in original); *see United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc).

We reject Wright's first argument, that it was a clear or obvious error for the district court to allow counsel to invoke the Fifth Amendment privilege for Robinson. Wright points us to no precedent holding that counsel may not advise the district court that his client invokes the privilege. Furthermore, his reliance on *United States v. Colyer*, 571 F.2d 941, 945 (5th Cir. 1978) is misplaced. We will not extend precedent on plain error review. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). At best, Wright may be able to show that the question is subject to reasonable debate. But that is not enough. *See Puckett*, 556 U.S. at 135; *see also United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009).

Wright's second argument likewise fails. Wright contends the district court erred by failing to make a particularized inquiry into the scope of Robinson's invocation of the Fifth Amendment. *See United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980); *United States v. Gomez-Rojas*, 507 F.2d 1213, 1220 (5th Cir. 1975). Wright asserts that instead of probing Robinson's invocation of his Fifth Amendment privilege, the district court impermissibly allowed Robinson's counsel to make a blanket assertion of the privilege. *See United States v. Mares*, 402 F.3d 511, 514–15 (5th Cir. 2005).

After a Fifth Amendment privilege is asserted, the district court should inquire "into the legitimacy and scope of the . . . assertion." *Goodwin*, 625 F.2d at 701. Typically, "[a] blanket refusal to testify is unacceptable." *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976). But we have upheld a district court's acceptance of an invocation without further questioning when the district court was "presented with sufficient evidence with which to understand the likely implications of [the witness's] testimony and, thus, the scope of his privilege." *Mares*, 402 F.3d at 515.

Here, we cannot conclude that it is obvious that the district court lacked "sufficient evidence with which to understand the likely implications of [Robinson's] testimony and, thus, the scope of his privilege." *Id.* Before his counsel invoked the Fifth Amendment privilege, Robinson had written two letters to Wright's counsel stating that Wright was not involved in one of the charged robberies, giving rise to Wright's desire to call Robinson as a witness. After discussion with counsel for both Wright and the Government, the district court called Robinson's attorney to the stand, where he invoked the privilege on Robinson's behalf. By then, Robinson had entered guilty pleas on two counts against him but had yet to be sentenced. *See Mitchell v. United States*, 526 U.S. 314, 326 (1999) ("Where the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony."); *see also United States v. Brooks*, 681 F.3d 678, 711 (5th Cir. 2012).

Robinson's letters were initially attached to a pre-trial motion for continuance but later marked for identification during the proceedings. Thus, the letters provided the district court at least some delineation of Robinson's likely testimony and, therefore, the scope of his privilege. Beyond that, Wright did not object to the district court's decision to recognize Robinson's Fifth Amendment privilege without a particularized examination or proffer questions he would have asked of Robinson. While perhaps a closer call, we cannot say that the district court plainly erred under the circumstances by failing to conduct a "particularized inquiry" into the areas that the defendant wanted to explore. *Cf. Melchor Moreno*, 536 F.2d at 1049; *see also United States v. Salgado-Palma*, 551 F. App'x 776, 779–80 (5th Cir. 2014) (finding plain error in blanket assertion of privilege and remanding so that district court could "make the proper inquiry into the witnesses' claims of privilege").

Even assuming that Wright met the first three prongs of the plain error standard, we decline to exercise our discretion to excuse any error in this case, as the purported error had no serious effect on "the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135. During his own sentencing, Robinson recanted the exculpatory statements he made in the letters. He further stated that he was coerced by Wright into writing the letters on Wright's behalf. Additionally, we are satisfied that the record evidence does not call Wright's convictions into question. Mindful of our standard of review, we thus find no reversible error on this issue.

That being said, Wright's judgment contains a clerical error. The judgment states that Wright's count seven conviction was for using, carrying, and brandishing a firearm during and in relation to a crime of violence. But the jury's verdict shows that Wright's count seven conviction was for using or carrying, or aiding and abetting another in using or carrying, a firearm during and in relation to a crime of violence. The district court's 60-month sentence likewise reflects that offense. We therefore modify the district court's judgment to correct this clerical error and conform the judgment to the jury's verdict. *See* 28 U.S.C. § 2106; *see United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009); *see also United States v. Spencer*, 609 F. App'x 781, 784 (5th Cir. 2015).

Turning now to Cherry, we reject his argument that his convictions and sentences for using, carrying, and brandishing a firearm in furtherance of a COV, namely, Hobbs Act robbery, must be vacated because Hobbs Act robbery is not a COV within the meaning of the statute. More specifically, Cherry now contends that Hobbs Act robbery does not satisfy § 924(c)(3)(A). We do not decide whether Cherry preserved this claim of error. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Regardless, precedent forecloses the claim. *See United States v. Bowens*, 907

F.3d 347, 353–54 (5th Cir. 2018); *see also United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017).

Additionally, reviewing for plain error, we reject the claim that the district court erred by enhancing Cherry's Hobbs Act robbery sentences under § 2B3.1(b)(4)(A) of the Sentencing Guidelines, which authorizes a four-level increase of the offense level "if any person was abducted to facilitate commission of" robbery "or to facilitate escape" after robbery. *See Puckett*, 556 U.S. at 136; *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Guidelines commentary explains that "[t]he guideline provides an enhancement for robberies where the victim was forced to accompany the defendant to another location." U.S. Sent'g Guidelines Manual § 2B3.1 cmt. background. A person is abducted if "forced to accompany an offender to a different location." U.S. Sent'g Guidelines Manual § 1B1.1 cmt. n.1(A); *see* § 2B3.1 cmt. n.1; *see also United States v. Smith*, 822 F.3d 755, 764 (5th Cir. 2016) (per curiam).

During each robbery at issue here, Cherry accompanied a victim to a new location. *See United States v. Redmond*, 965 F.3d 416, 419–20 (5th Cir. 2020), *petition for cert. filed*, (U.S. Dec. 10, 2020) (No. 20-6631); *see also United States v. Young*, 470 U.S. 1, 16 (1985). According to the presentence report, during his first robbery, Cherry, together with Wright, forced the store manager into the rear storage room, where the manager unlocked the telephone storage area and Cherry and Wright put cellular telephones into a duffle bag. Also, Cherry forced the manager into a restroom and repeatedly struck him on the head with a firearm. Cherry and Wright then took the manager from the restroom to the front counter sales area, where Cherry accessed cellular telephones and the cash register. Also according to the presentence report, during his second robbery, Cherry forced the manager and a customer to the rear of the store, where Cherry and Wright took telephones from the safe. As Cherry fails to "demonstrate any error at all"

in the application of § 2B3.1(b)(4)(A), this claim does not survive plain error review. *See United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012).

We MODIFY Wright's judgment to correct the clerical error noted above. Otherwise, we AFFIRM the judgments against Wright and Cherry.